| ^THIBODEAUX, J.,
dissenting.
I disagree with the majority’s conclusion that the plaintiff has not stated a valid cause of action. The Louisiana Supreme Court held in Weber v. State, 93-0062 (La.4/11/94); 635 So.2d 188 that a plaintiff states a cause of action in tort if it is shown that an employer’s conduct intentionally and arbitrarily denying necessary medical expenses led to death. It reserved for another day a decision on whether the employer is liable for damages in tort if the refusal to pay reasonable and necessary medical expenses resulted in a “significant worsening of the employee’s condition.” Id. fn. 9, 635 So.2d at 194. In Kelly v. CNA Insurance Company. 98-0454 (La.3/12/99); 729 So.2d 1033, the supreme court considered but did not decide this specific issue. It concluded that since carpal tunnel syndrome was not “life threatening,” an exception of no cause of action was properly granted. In reading Kelly, it is clear to me that if a plaintiffs physical injuries are life threatening or if the denial or delay of medical treatment would result in a “significant worsening of the employee’s condition,” then a cause of action is validly stated.
| ¡¡.Having decided that, I would proceed to examine the merits of the res judicata issue. I would affirm the trial court on the res judicata issue. The existence of tort liability is premised on the employer’s arbitrary and intentional denial or refusal to provide necessary medical expenses. In this case, the Office of Workers’ Compensation denied the plaintiffs claim that the medical care was reasonable and necessary. The seizures for which the plaintiff sought treatment were not work-related. That issue has already been litigated before the Office of Workers’ Compensation. Consequently, La.R.S. 13:4231 precludes the plaintiff from successfully bringing this action.